UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TERRY WILLIAM CORBIN, #353644,

        Petitioner,

v.                                      ACTION NO.
                                      2:08cv585

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

### I. STATEMENT OF THE CASE

#### A. Background

Following a jury trial in the Circuit Court of the City of Virginia Beach, Terry William Corbin was convicted of carjacking, robbery, and abduction on August 24, 2005. The jury recommended Corbin receive life in prison for carjacking, thirty years for robbery and ten years for abduction, and the trial court imposed the sentences recommended by the jury on November 21, 2005.

The Virginia Court of Appeals granted Corbin's petition for appeal, but affirmed the judgment of the trial court in an unpublished opinion issued on October 2, 2007. The Virginia Supreme Court refused Corbin's petition for appeal on March 6, 2008. Corbin then filed a habeas petition in the Virginia Supreme Court, which was dismissed on November 10, 2008.

Corbin, presently in the custody of the Virginia Department of Corrections at the Sussex I State Prison in Waverly, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 8, 2008. Respondent filed a Rule 5 Answer and Motion to Dismiss (Doc. 4), and Corbin has responded.

### B. Grounds Alleged

Corbin asserts the following entitle him to relief under 28 U.S.C. § 2254:

(1) his due process rights were violated when he was forced to use a peremptory strike to exclude prospective juror Joyce Jones who had previously been a sheriff for the City of Virginia Beach, and previously watched over Corbin at the Virginia Beach jail;

(2) his due process rights were violated when the trial court failed to ensure he had a full panel of twenty jurors free of bias;

(3) his due process rights were violated when juror Dustin Keesee was allowed to sit as a juror despite the fact that he knew the chief witness for the state, Jeremy Kent, as both had attended First Colonial High School;

(4) his due process rights were violated when the chief witness for the Commonwealth, Donna Lowry, testified falsely under oath, and the trial court did nothing to inquire about the impression the inconsistent testimony created.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Corbin's claims must be exhausted. See 28 U.S.C. § 2254(b) (2000). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Corbin's petition to the Supreme Court of Virginia for a writ of habeas corpus contained the same grounds raised in the present petition. Consequently, all of Corbin's grounds have been exhausted.

### B. Procedural Default

However, the Supreme Court of Virginia dismissed all four grounds based upon a state procedural rule, and this Court may not review claims which have been procedurally defaulted in state court. The Virginia Supreme Court refused to consider the claims because they were not raised during trial or on direct appeal. Consequently, the claims were barred by Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974). Slayton holds that "a claim that *could* have been raised at the criminal trial or on direct appeal is not cognizable in habeas corpus because to do so would circumvent the trial and appellate process for non-jurisdictional defects." Henry v. Warden, 576 S.E.2d 495, 496 (Va. 2003) (citing Slayton, 205 S.E.2d at 682) (emphasis in original). Corbin asserts in Grounds (1) through (3) that several jurors should have been struck for cause. In Ground (4) he asserts the victim committed perjury and the trial court did not inquire about the impression created by her testimony.

The basis of the perjury allegation stems from inconsistencies within the victim's trial testimony as well as inconsistencies between trial testimony and testimony given at Corbin's preliminary hearing. (Attachment to Pet. 28-30.)[1] These claims could have been raised at trial or on direct appeal, and were not raised. Therefore, the Supreme Court of Virginia properly decided that these claims were barred by Slayton. The Fourth Circuit has held, "[a]bsent cause and prejudice or a miscarriage of justice, a federal court sitting in habeas may not review a constitutional claim when a state court has declined to consider its merits on the basis of an adequate and independent state procedural rule," and "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997) (internal citations omitted). As a result, this Court cannot review Corbin's grounds on the merits.

Corbin argues procedural default should not bar federal review of his claims because he can demonstrate cause for the default and resulting prejudice. (Attachment to Pet. at 5-6, 15, 24-25, 30.) To establish "cause," Corbin must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). Corbin asserts two "causes" for his procedural default. He first asserts he has dyslexia, which impairs his ability to read and defend his legal rights. (Attachment to Pet. at 5, 15, 24, 30.) However, he fails to show how his dyslexia "impeded [his] efforts to comply" with procedural requirements causing his procedural default. See Farabee v. Johnson, 129 Fed.Appx. 799, 2005 WL 928547 (4th Cir. 2005) (holding that petitioner's being institutionalized for mental illness when he committed the offense, pled guilty, and should

---

[1] Corbin has two page numbers at the bottom of each page of his Attachment. The Court is referencing the page number found in the bottom left hand corner of each page.

have prepared and filed his direct appeal was insufficient to excuse petitioner's procedural default). Corbin has offered no evidence to show he was unable to consult with counsel, file pleadings, or otherwise comply with the state procedural requirements. Id. at 804. On the contrary, Corbin did file a direct appeal to the Court of Appeals of Virginia and the Supreme Court of Virginia. Corbin's argument that his dyslexia kept him from complying with Virginia's procedural requirements is insufficient to establish cause for his procedural default. Next, Corbin asserts the trial court's failure to ensure that he had a panel of twenty unbiased jurors is "cause" for the procedural default. (Attachment to Pet. at 5, 15, 24, 30.) Corbin does not elaborate on how the empaneling of his jury kept him from raising his current claims during trial or on appeal. In any event, he certainly knew about the empaneling of the jury at the time of trial, and cannot establish cause "by pointing to evidence that the petitioner 'knew about or could have discovered' through a 'reasonable investigation'" at the time of the state proceeding. Vinson v. True, 436 F.3d at 417 (citations ommitted). Corbin has failed to show cause, prejudice, or miscarriage of justice sufficient to excuse the failure to raise Grounds (1) through (4) in state court. Therefore, this Court cannot now review claims which were procedurally defaulted in the Virginia Supreme Court, and the Court recommends denying Corbin's Grounds (1) through (4).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Corbin's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED because Corbin's grounds (1) through (4) were procedurally barred from review in the state courts,(Attachment to Pet. at 5, 15, 24, 30.) and thus, may not now be considered in this federal Court.

Further, Corbin's request for an evidentiary hearing is DENIED.

Corbin has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
June 29, 2009

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Terry William Corbin, # 353644
Sussex I State Prison
24414 Musselwhite Drive
Waverly, VA 23890


Gregory William Franklin, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219


                                              Fernando Galindo, Acting Clerk


                                        By _____
                                             Deputy Clerk

                                             June      , 2009